UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD BURTON, on behalf of himself and others similarly situated,<br><br>   Plaintiff,<br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>   Defendant. | Case No.<br><br>**JURY DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff Richard Burton, individually and on behalf of others similarly situated, alleges the following against the Redbox Automated Retail, LLC ("Redbox" or "Defendant").

**SUMMARY OF THE ACTION**

1. This class action challenges Redbox's practice of sending unsolicited, telemarketing text messages without the consent of the called party and without instituting procedures for maintaining a list of persons who request not to receive such text messages.

2. Since February 14, 2018, Redbox has repeatedly sent text messages to Plaintiff's cell phone without his consent. Plaintiff has asked Redbox to stop sending him text messages several times, but Redbox continues to send its telemarketing messages, which encourage Plaintiff to use Redbox's video-rental service.

3. Plaintiff brings this class action for damages and other equitable and legal remedies resulting from Defendants' violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

1

## PARTIES

4.     Plaintiff Richard Burton resides in Louisville, Kentucky.

5.     Defendant Redbox is a limited liability corporation with headquarters at One Tower Lane, Suite 900, Oakbrook Terrace, Illinois 60181.

## JURISDICTION AND VENUE

6.     This Court has original jurisdiction under 28 U.S.C. § 1331 based on Plaintiff's claims under the TCPA, 47 U.S.C. § 227, *et seq*.

7.     This Court has personal jurisdiction over Redbox because its principal place of business is within this District and it has sufficient minimum contacts in Illinois to render the exercise of jurisdiction by this Court proper and necessary.

8.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

**A.     Redbox Used an Autodialer to Send Telemarketing Text Messages to Plaintiff without Instituting Proper Do-Not-Call List Procedures**

9.     Plaintiff's telephone number, (XXX) XXX-4156, is assigned a cellular service.

10.     Since February 2018, Redbox has repeatedly sent text messages to Plaintiff's cell phone for the purpose of encouraging him to rent or purchase movies and games from Redbox.

11.     For example, on February 14, 2018, Plaintiff received a text message from Redbox that said "Double the thrills w/ Redbox! Rent one get $1.50-OFF any disc with code TAUR6HCT. Add to Wallet: http://m.rbx/me/z3wiaL Exp 2/14/18 @11:59p. Text STOP to end."

12.     On February 15, Plaintiff received a text message from Redbox that said "Redbox has movie night covered for cheap. Take $1.25- OFF any disc with code NG6EDP5C Exp 2/15/18@ 11:59p. Reserve now http://m.rbx.me/03xiqv."

2

13. Plaintiff received another text message from Redbox on February 22 that said "Catch new releases for cheap with Redbox…" Plaintiff replied stop in two separate text messages.

14. On May 26, 2019, Plaintiff received a text message from Redbox that said "Play Summer Spin thru 7/7! 25k prizes available! Join Redbox Perks & play on our site or app: http://m.rbx.me/u6fRvz HELP 4 help, STOP 2 quit." Plaintiff replied "stop" twice.

15. On June 10, Plaintiff received a text message from Redbox that said "Deal time! Rent any disc & get a FREE 1-night Redbox disc rental – MOVIE or GAME! Use code: 9N7NPVYK http://m.rbx.me/&6gaxM Exp. 6/10/19 &11:59p. TextSTOP2stop." Plaintiff replied "stop" twice.

16. On June 17, 2019, Plaintiff received a text message from Redbox that said "Double up! Rent any disc and get a FREE 1-night Redbox disc rental! Use code:4Fu34U6D http://m.rbx.me/n6cb7e Exp. 6/17/19@11:59p. TxtSTOP2stop." Plaintiff replied "stop" four times.

17. On June 19, 2019, Plaintiff received a text message from Redbox that said "Redbox: Take $1.00- OFF…Exp. 6/20/19 @11:59p. TxtSTOP2stop. TxtHELP4help." Plaintiff replied "stop" twice.

18. On July 25, 2019, Plaintiff received a text message from Redbox that said "Try new games at Redbox w/ FREE GAME NIGHT! Reserve now & head to the Box! Code: U8D74WZR http://m.rbx.me/g6QwzQ Exp 7/31/18 @11:59p. TxtSTOP2stop TxtHELP4help." Plaintiff replied "Stop."

19. On August 5, 2019, Plaintiff received a text messages from Redbox that said "Rent a disc & get a FREE 1-night Movie or Game rental at the box. Code Z6WUW9PW

http://rbx.me/y6oxzf Exp. 8/05/19 @11:59p. TxtSTOP2stop. TxtHELP4help." Plaintiff replied "Stop."

20. On August 12, Plaintiff received a text message from Redbox that said, "Redbox: Rent any disc & get a FREE 1-night Movie or Game rental at the Box. Code: 94H5ARPQ http://m.rbx.me/m7P0ty Exp. 8/12/19 @ 11:59p. TxtSTOP2stop." Plaintiff replied "Stop."

21. On August 17, Plaintiff received a text message from Redbox that said, "Get 3 FREE Movie Nights + 3 $0 Delivery Fees w/ DoorDash! Don't let this delicious Redbox deal get away. Learn how: http://m.rbx.me/o7Q31n." Plaintiff replied "Stop."

22. On August 19, Plaintiff received a text message from Redbox that said, "Redbox: 2 days only! Rent a disc & get a FREE 1-night Movie or Game rental at the Box. Code: A65R2XH6 http://m.rbx.me/47k4uv Exp. 8/20/19 @ 11:59p. TxtSTOP2stop." Plaintiff replied "Stop."

23. On August 23, Plaintiff received a text message from Redbox that said, "Redbox: Get a FREE movie night when you order dinner TONIGHT! Your meal delivery fee is on us so you can't go wrong! http://m.rbx.me/H7tACd TxtSTOP2stop." Plaintiff replied "Stop."

24. Plaintiff has received other similar telemarketing text messages from Redbox.

25. The links in the Redbox text messages lead to Redbox's website, where consumers are encouraged to purchase or rent movies and games from Redbox.

26. Plaintiff received all of the Redbox text messages from the short code 727272. A "short code" is a cellular telephone exchange (of typically five or six digits) frequently used by telemarketers to send text messages to cellular phones.

27. The short code 727272 belongs to Redbox.

4

28. The purpose of Redbox's text messages is to encourage customers to use Redbox's services by providing promotional offers. The content of these messages demonstrates that they are sent for the purpose of encouraging the purchase or rental of Redbox's goods and services. The text messages are not sent for an emergency purpose.

29. Shortly after receiving the third unwanted text message from Redbox in February 2018, Plaintiff replied "stop."

30. After replying "stop," Plaintiff continued to receive telemarketing text messages from Redbox. Plaintiff replied "stop" at least once to each of the continuing Redbox text messages he received.

31. In July 2019, Plaintiff called Redbox and requested that Redbox stop texting him, but Redbox continued to send him telemarketing text messages.

32. On August 6, Plaintiff initiated a chat on Redbox's website and requested that Redbox stop texting him. A Redbox representative named Niecell told him "No worries, I will escalate this so that you will not received [sic] a messages [sic] from Redbox. Just wait 24-48 hours." Despite this promise, on August 12, 17, 19, 22, and 23, Redbox sent Plaintiff at least five more telemarketing text messages.

33. Redbox's internal do-not-call policy is insufficient and does not comply with the required minimum standards.

34. Redbox's business practices are such that it knowingly sends telemarketing text messages to persons who are—or should be—on its do-not-call list.

35. Other consumers have complained about receiving similar text messages from Redbox.

36. Redbox has been sued at least twice since June 2019 for text messaging behavior similar to the behavior described in this complaint.

37. Redbox is aware of the TCA's prohibition of auto-dialed text messages sent to persons without their prior written consent.

38. Redbox is aware that the TCPA prohibits it from sending auto-dialed text messages to persons who have revoked their consent to receive such messages.

39. Redbox is aware of the TCPA's requirements that it cannot send telemarketing text messages without instituting procedures for maintaining a list of persons who have requested not to receive such text messages and procedures for honoring those requests.

40. Each text message that Redbox sent to Plaintiff's cell phone, including those sent after he asked Redbox to stop sending messages, was sent knowingly or willfully.

**B.     Redbox Used an Automatic Telephone Dialing System**

41. Redbox used an automatic telephone dialing system ("ATDS") to send its telemarketing text message to Plaintiff's cell phone.

42. The use of an ATDS is evident from the circumstances surrounding the text messages, including the ability to trigger automated responses by replying with various code-words (i.e., "stop" or "help") and the messages' generic and impersonal content.

43. That substantively identical texts were sent to multiple recipients, and that they were sent from an SMS Short Code, is also consistent with the use of an automatic telephone dialing

44. In order to promote its video and game rental services, Redbox's business model requires that it be able to contact large amounts of consumers in short periods of time.

45. Short code and SMS messaging systems are commonly used for bulk advertising because they allow for the transmission and receipt of short text messages to and from cellular phones.

46. Consumers across the country report receiving similar text messages. The scale of this texting operation is further evidence that Redbox used an automated dialing system.

C.  **Redbox's Violations of the TCPA Harmed Plaintiff**

47. Plaintiff carries his cellular phone with him at most times so he can be available to family, friends, and his employer.

48. Each time he receives a text message from Redbox, his cellular phone rings or vibrates.

49. Redbox's text messages invaded Plaintiff's privacy and intruded upon his right to seclusion. The text messages frustrated and upset Plaintiff by constantly interrupting his daily life.

50. The text messages wasted Plaintiff's time by requiring him to review the messages and take measures—such as calling and messaging Redbox—to attempt to stop receiving the messages.

51. Redbox's text messages intruded upon and occupied the capacity of Plaintiff's cellular phone and depleted the battery of Plaintiff's cellular phone. The text messages temporarily seized and trespassed upon Plaintiff's use of his cellular phone and caused him to divert attention away from other activities to address the text messages.

**CLASS ACTION ALLEGATIONS**

52. Plaintiff brings this lawsuit under Federal Rules of Civil Procedure Rules 23(a), (b)(2), and (b)(3) as a representative of the following two classes:

>   Autodialer Class: Each person within the United States who (i) received any call(s) or text message(s) from Redbox; (ii) to said person's cellular telephone; (iii) through the use of an automatic telephone dialing system; (iii) which call(s) and/or text messages(s) were not sent with the recipient's prior express written consent; and (iv) which call(s) and/or text messages(s) were sent for the purpose of encouraging the purchase of property, goods, or services.
>
>   Internal Do-Not-Call Class: Each person within the United states who (i) received two or more calls or text messages within twelve months of each other; (ii) from Redbox; (iii) which text messages were sent for the purpose of encouraging the purchase of property, goods, or services.

Plaintiff reserves the right to amend the class definitions following an appropriate period of discovery.

53. Excluded from the Classes are Redbox, its employees, agents and assigns, and any members of the judiciary to whom this case is assigned, their respective court staff, and the parties' counsel in this litigation.

54. Because auto-dialing equipment maintains records of each contact, members of the above-defined Classes can be identified through Redbox's records.

55. **Numerosity**. The exact sizes of the Classes are unknown and unavailable to Plaintiff at this time, but Plaintiff believes there are (at least) thousands of class members. This allegation is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. This allegation is based, at least in part, on the following information: (1) other consumers have complained about receiving the same unwanted text messages from Redbox, and (2) the purpose of automated dialers is to call or text message numerous persons in a short amount of time.

56. The alleged size and geographic dispersal of the Classes makes joinder of all Class members impracticable.

8

57. **Commonality and Predominance**. Common questions of law and fact exist with regard to each of the claims and predominate over questions affecting only individual Class members. Questions common to the Class include:

(a) Whether Redbox's dialing system(s) constitute an automatic telephone dialing system under the TCPA;

(b) Whether Redbox used an automatic telephone dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members without their prior express written consent;

(c) Whether Redbox sent telemarketing text messages after Plaintiff and Class members asked Redbox to stop sending text messages;

(d) Whether Redbox's internal do not call compliance mechanisms, if any, comply with 47 C.F.R. § 64.1200(d);

(e) Whether Redbox's knowingly or willfully engaged in the text messaging practices alleged herein;

(f) Whether Plaintiff and Class members were damaged by receiving Redbox's text messages; and

(g) Whether Redbox should be enjoined from engaging in such conduct in the future.

58. **Typicality**. Plaintiff's claims are typical of the claims of the Classes, in that Plaintiff, like all Class members, has been injured by Defendants' uniform misconduct—(i) the placement of telemarketing text messages on cellular telephones using an automatic telephone dialing system without prior express written consent; and (ii) sending telemarketing text

messages without instituting procedures that meet the minimum standards for maintaining an internal do-not-call list.

59. **Adequacy of Representation**. Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff does not have interests antagonistic to those of the Classes, and Defendant has no defenses unique to the named Plaintiffs.

60. **Superiority**. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the amount of each individual Class member's claim is small relative to the complexity of the litigation, and because class members are unlikely to pursue legal redress individually for the violations detailed in this complaint. Class-wide damages are essential to induce Redbox to comply with Federal law. Individualized litigation would significantly increase the delay and expense to all parties and to the Court and would create the potential for inconsistent and contradictory rulings. By contrast, a class action presents fewer management difficulties, allows claims to be heard which would otherwise go unheard because of the expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.

61. Class certification is also appropriate under Rule 23(b)(2) because Redbox has acted and refused to act on grounds that apply generally to the Classes such that final injunctive and/or declaratory relief is warranted with respect to the Class as a whole.

**FIRST CLAIM FOR RELIEF**
**Negligent Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227, *et seq***
**(On Behalf of the Autodialer Class)**

62. Plaintiff incorporates the above allegations by reference.

63. Redbox used an automatic telephone-dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

64. The foregoing acts and omissions constitute negligent violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

65. Under 47 U.S.C. § 227(b)(3)(B), and as a result of the alleged negligent violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every text message sent in violation of the TCPA.

66. Plaintiff and Class members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## SECOND CLAIM FOR RELIEF
### Knowing or Willful Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227, *et seq*
### (On Behalf of the Autodialer Class)

67. Plaintiff incorporates the above allegations by reference.

68. Redbox used an automatic telephone-dialing system to send telemarketing text messages to the cellular telephones of Plaintiff and Class members, without their prior express written consent.

69. The foregoing acts and omissions constitute knowing and/or willful violations of the TCPA, including, but not limited to, violations of 47 U.S.C. § 227(b)(1)(A)(iii) and 47 C.F.R. §§ 64.1200(a)(1)(iii) and 64.1200(a)(2).

70. Pursuant to 47 U.S.C. § 227(b)(3)(C), and as a result of the alleged knowing and/or willful violations of the TCPA, Plaintiff and Class Members are entitled to an award of $1,500.00 in statutory damages for each and every call placed in violation of the statute.

## THIRD CLAIM FOR RELIEF
### "Internal Do Not Call" Violations of the Telephone Consumer Protection Act
### 47 U.S.C. §§ 227, *et seq*
### (On Behalf of the Internal Do-Not-Call Class)

71. Plaintiff incorporates the above allegations by reference

72. Redbox sent two or more telemarketing text messages within twelve months of each other to Plaintiff and Class members without instituting procedures that meet the minimum standards of 47 C.F.R. § 64.1200(d).

73. Redbox did not honor requests to be placed on its do-not-call list and not to receive text messages from Redbox.

74. Redbox's telemarketing text messages also did not provide a telephone number or address at which Redbox may be contacted.

75. Pursuant to 47 U.S.C. § 227(c)(5)(B), and as a result of the alleged violations of the TCPA, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each violation. Pursuant to 47 U.S.C. § 227(c)(5)(C), Plaintiff and Class members are entitled to treble damages for each knowing or willful violation.

76. Plaintiff and Class Members are also entitled to and seek injunctive relief prohibiting future violations of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Classes defined above, respectfully requests that this Court:

(a) Determine that the claims alleged herein may be maintained as a class action under Federal Rule of Civil Procedure 23, and issue an order certifying the classes defined above and appointing Plaintiff as the Class representative;

12

(b) Award $500 in statutory damages for each and every text message that Redbox negligently sent in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(c) Award $1,500 in statutory damages for each and every text message that Redbox willfully or knowingly sent in violation of 47 U.S.C. § 227(b)(1) of the TCPA;

(d) Award $500 in statutory damages for each and every text message that Redbox negligently sent in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(e) Award $1,500 in statutory damages for each and every text message that Redbox willfully or knowingly sent in violation of 47 U.S.C. § 227(c)(5) of the TCPA;

(f) Grant appropriate injunctive and declaratory relief, including, without limitation, an order requiring Redbox to implement measures to stop future violations of the TCPA; and

(g) Grant such further relief as the Court deems proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: August 28, 2019    Respectfully submitted,

By:  */s/ Elizabeth A. Fegan*

Elizabeth A. Fegan
**FEGAN SCOTT LLC**
150 S. Wacker Dr., 24th Floor
Chicago, Illinois 60606
Tel: (312) 741-1019
beth@feganscott.com

Daniel C. Girard (CA ID No. 114826)
Simon S. Grille (CA ID No. 294914)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800

13

dgirard@girardsharp.com  
scottg@girardsharp.com  
sgrille@girardsharp.com

*Counsel for Plaintiff and the Proposed Class*