UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD BURTON, on behalf of himself and others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>REDBOX AUTOMATED RETAIL, LLC,<br><br>    Defendant. | Case No. 1:19-cv-05784<br><br>Judge Hon. Andrea R. Wood<br>Magistrate Judge Hon. Jeffrey T. Gilbert |

## JOINT INITIAL STATUS REPORT

Plaintiff Richard Burton and Defendant Redbox Automated Retail, LLC ("Redbox" or "Defendant"), respectfully submit the following report pursuant to Fed. R. Civ. P. 26(f).

**1.    Nature of the Case**

    A.    <u>Attorneys of record for each party, including the lead trial attorney</u>.

| *For Plaintiff Richard Burton:* | *For Defendant Redbox:* |
|---|---|
| Daniel C. Girard (lead trial attorney) | Martin W. Jaszczuk (lead trial attorney) |
| Simon S. Grille | Margaret M. Schuchardt |
| **GIRARD SHARP LLP** | **JASZCZUK P.C.** |
| 601 California Street, 14th Floor | 311 South Wacker Drive, Suite 3200 |
| San Francisco, California 94108 | Chicago, IL 60606 |
| Tel: (415) 981-4800 | Tel: (312) 442-0509 |
| dgirard@girardsharp.com | mjaszczuk@jaszczuk.com |
| sgrille@girardsharp.com | mschuchardt@jaszczuk.com |

Elizabeth Fegan
**Fegan Scott LLC**
150 S. Wacker Dr., 24th Floor
Chicago, Illinois 60606
Tel: (312) 741-1019
beth@feganscott.com

    B.    <u>Parties that have not yet been served</u>

        At this time, there are no parties that have not yet been served.

    C.    <u>State the basis for federal jurisdiction</u>

1

This Court has federal question jurisdiction under 28 U.S.C. § 1331, based on Plaintiff's claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

D. <u>Nature of the claims asserted in the complaint and the relief sought</u>

Plaintiff, on behalf of himself and a proposed class, alleges that Redbox violated the TCPA by sending automated, telemarketing text messages. Plaintiff seeks statutory damages and declaratory and injunctive relief on behalf of himself and others similarly situated.

E. <u>Major legal and factual issues in the case</u>

1. Whether Redbox's alleged text message dialing system(s) constitute an automatic telephone dialing system under the TCPA;

2. Whether Redbox used an automatic telephone dialing system to send the alleged telemarketing text messages to the cellular telephones of Plaintiff and Class members without their prior express written consent;

3. Whether Redbox sent the alleged telemarketing text messages after Plaintiff and Class members asked Redbox to stop sending text messages;

4. Whether Redbox's internal do not call compliance mechanisms, if any, comply with 47 C.F.R. § 64.1200(d);

5. Whether Redbox knowingly or willfully engaged in the text messaging practices alleged by Plaintiff;

6. Whether Plaintiff and Class members were damaged by receiving Redbox's alleged text messages; and

7. Whether Redbox should be enjoined from engaging in such alleged conduct in the future.

**2. Mandatory Initial Discovery Pilot Project**

A. <u>Standing Order Regarding Mandatory Initial Discovery Pilot Project</u>

The parties have read and discussed the Standing Order Regarding Mandatory Initial Discovery Pilot Project.

B. <u>Deadline for mandatory initial discovery responses and disclosure of ESI</u>

2

Plaintiff contends that the deadline for both parties' mandatory initial discovery responses and disclosure of electronically stored information is December 9, 2019. Defendant believes that the MIDP deadlines have not yet been triggered due to the filing of Defendant's Motion to Compel Arbitration and to Stay Proceedings.

  C. <u>Parties' discussions regarding the mandatory initial discovery responses</u>

The parties have discussed the mandatory initial discovery responses and their respective positions are set forth above.

**3.** **<u>Case Plan</u>**

  A. <u>Pending motions</u>

Defendant's Motion to Compel Arbitration and to Stay Proceedings is currently pending.

  B. <u>Defendant's response to the complaint</u>

Defendant has responded to the Complaint by filing its Motion to Compel Arbitration. The basis for the motion is that, as argued by Defendant, Plaintiff allegedly assented to Redbox's Terms of Use, which contains an arbitration provision.

  C. <u>Proposed Discovery Plan</u>

    i. *General type of discovery needed*

Plaintiff intends to seek discovery on the following topics, without limitation:(1) records maintained by Redbox or its agent(s) regarding telemarketing text messages sent to Plaintiff and members of the proposed class; (2) the systems and equipment used to send text messages to Plaintiff and the proposed class; (3) logs, dialer reports, account notes, and other electronic records related to the text messages; (4) records of consent to receive the text messages; (5) Redbox's receipt of "stop" requests or similar commands and its policies and procedures for honoring such requests; (6) Redbox's TCPA compliance efforts; and (7) Redbox's defenses.

Defendant proposes that the parties submit a proposed discovery plan within 14 days of the Court's ruling on Defendant's Motion to Compel Arbitration. If discovery proceeds before the Court, Defendant anticipates seeking, *inter alia*, written and deposition discovery from Plaintiff and others concerning communications made from Plaintiff's cellular telephone to Redbox, Plaintiff's rental history with Redbox, any Redbox rentals made from any account associated with Plaintiff or to which Plaintiff had access, any redemption of Redbox promotional codes sent to Plaintiff's cell phone, and similar records pertaining to putative class members.

      ii.     *Electronically Stored Information (ESI)*

The parties believe discovery will encompass ESI and have met and conferred on the topics listed in Section C(2)(a)(i)-(iii) of the Standing Order Regarding Mandatory Initial Discovery Pilot Project. The parties expect to negotiate an agreed ESI protocol.

      iii.     *Claims of privilege or protection as trial-preparation materials*

Plaintiff prepared a draft Agreed Confidentiality Order based on the model order for this district (Form L.R. 26.2) and sent it to Redbox on November 6. Defendant contends that any discussions concerning an Agreed Confidentiality Order should be deferred until after discovery commences in this Court.

      iv.     *The date by which the parties will complete fact discovery*

If discovery begins in full on December 9, 2019, Plaintiff proposes August 21, 2020 as the deadline for completing fact discovery. As noted above, Defendant believes that setting a deadline for completion of discovery would be premature at this time. In any event, Defendant believes a period of 12 months will be necessary to complete all fact discovery. The parties do not believe discovery should be bifurcated or phased.

      v.     *Expert discovery*

This case will involve expert discovery. If discovery begins in full on December 9, 2019, Plaintiff proposes that Rule 26(a)(2) disclosures be made no later than September 18, 2020 and expert depositions be completed by November 20, 2020. Defendant proposes that the parties complete expert discovery within 3 months of the close of fact discovery.

    vi. *Changes to the limitations on discovery*

At this time, the parties do not believe that any changes need to be made to the limitations on discovery under the federal and local rules, but the parties may request to limit or expand the use of any discovery device upon a showing of good cause.

    vii. *Deadline for supplementing mandatory initial discovery responses*

The parties propose that any supplement to a mandatory initial discovery response occur no later than 60 days before the pretrial conference set by the Court.

    viii. *Deadline for filing dispositive motions*

If discovery begins in full on December 9, 2019, Plaintiff proposes January 8, 2021 as the deadline for filing any dispositive motions. Defendant proposes that dispositive motions be filed 90 days after the Court's ruling on class certification.

  D. <u>Whether there has been a jury demand and the estimated length of trial</u>

Plaintiff has demanded a jury trial and estimates that trial would take 4-5 court days.

**4.** **<u>Settlement</u>**

The parties have discussed settlement, but do not believe a settlement conference would be productive at this time.

**5.** **<u>Consent to Proceed Before a Magistrate Judge</u>**

The parties do not consent to proceed before the assigned Magistrate Judge for all purposes.

DATED: November 12, 2019 Respectfully submitted,

By: */s/ Simon S. Grille*

Elizabeth Fegan
**Fegan Scott LLC**
150 S. Wacker Dr., 24th Floor
Chicago, Illinois 60606
Tel: (312) 741-1019
beth@feganscott.com

Daniel C. Girard (ID No. 114826)
Simon S. Grille (ID No. 294914)
**GIRARD SHARP LLP**
601 California Street, 14th Floor
San Francisco, California 94108
Tel: (415) 981-4800
dgirard@girardsharp.com
scottg@girardsharp.com
sgrille@girardsharp.com

*Counsel for Plaintiff and the Proposed Class*

By: */s/ Margaret M. Schuchardt*

Martin W. Jaszczuk
Margaret M. Schuchardt
JASZCZUK P.C.
311 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 442-0509
Facsimile: (312) 442-0519
mjaszczuk@jaszczuk.com
mschuchardt@jaszczuk.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a copy of the foregoing Joint Initial Status Report to be filed electronically via the Court's electronic filing system. Those attorneys who are registered with the Court's electronic filing system may access these filings through the Court's system, and notice of these filings will be sent to these parties by operation of the Court's electronic filing system.

By: _/s/ Simon S. Grille_